IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES H. FETZER, PH.D,

                       Plaintiff,

    v.                                                                                OPINION AND ORDER

DEEP STATE PROTOCOL, LLC,                                          25-cv-663-wmc
d/b/a BitChute,

                       Defendant.

---

Representing himself, plaintiff James H. Fetzer, Ph.D, has filed several motions for leave to file an amended "Statement of Claim" and an amended complaint. (Dkt. #6; Dkt. #8; Dkt. #9.) According to his proposed second amended complaint, plaintiff alleges that defendant Deep State Protocol, LLC, doing business as BitChute, has violated state law by failing to prohibit harmful videos targeting him on "the BitChute platform." (Dkt. #10.) Pursuant to W.D. Wis. Administrative Order 421, the court is required to confirm subject matter jurisdiction before issuing summons. (Dkt. #5.) Plaintiff asserts that federal jurisdiction is proper under 28 U.S.C. § 1332 based on diversity of citizenship among the parties. For reasons explained below, the court will grant plaintiff's request for leave to amend, but must dismiss the second amended complaint because his allegations are insufficient to determine whether diversity jurisdiction exists or to satisfy federal pleading standards. As such, plaintiff will be given an opportunity to file another amended complaint including the necessary allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Word Seed Church v. Village of Hazel Crest*, 111 F.4th 814, 819 (7th Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff's second amended complaint seeks declaratory and injunctive relief as well as damages for the following list of counts or claims for relief under state law: (1) breach of contract; (2) negligence; (3) failure to enforce terms of service; (4) aiding and abetting harmful conduct; and (5) "Privacy-Related Claims" that are unspecified. (Dkt. #10, at 3.) Plaintiff contends that diversity jurisdiction exists under 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000 and (2) plaintiff resides in Wisconsin while defendant is "a Wyoming corporation and the parent company of BitChute Ltd." (Dkt. #10, ¶¶ 5-6.) To show that § 1332 applies, the party seeking to invoke federal jurisdiction has the burden to establish complete diversity, "meaning that no plaintiff may be from the same state as any defendant." *Smart v. Local 702 Int'l Bhd. Of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the case must be dismissed for want of jurisdiction. *Id*.

To begin, plaintiff's allegations are insufficient to establish complete diversity because the complaint does not properly identify defendant's citizenship as an LLC. "The citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474

2

F.3d 989, 992 (7th Cir. 2007).  "If even one investor in an . . . LLC has the same citizenship as any party on the other side of the litigation, complete diversity is missing and the suit must be dismissed."  *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011).  Because the complaint fails to contain sufficient information about defendant's citizenship as an LLC, it is impossible to determine whether complete diversity exists.

Plaintiff will be given leave to file an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenship of each member of defendant Deep State Protocol, LLC.  In alleging facts about citizenship, plaintiffs should be aware that if any member of these LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well.  *See West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020);  *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").  Plaintiff must also provide an address for service of process before summons can issue.

In addition, the current amended complaint fails to comply with Federal Rule of Civil Procedure 8(a), which requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer."  *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).  The primary purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Although the "notice pleading" of Rule 8 does not require "detailed factual allegations" supporting each element of a claim, it is not enough for a pleader to make "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009).  While courts construe pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), pro se plaintiffs still must provide enough facts to support a plausible claim for relief.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Plaintiff's proposed second amended complaint fails to satisfy Rule 8 because, in addition to his failure to establish diversity jurisdiction, the claims for relief asserted consist of no more than conclusory statements while incorporating "all prior paragraphs."  (Dkt. #10, at 3.)  The result is an impermissible "shotgun pleading" that fails to provide adequate notice of the grounds on which each claim rests.  *SEC v. Winemaster*, 529 F. Supp. 3d 880, 906 (N.D. Ill. 2021) ("Shotgun pleading refers to a pleading style in which each count of the complaint incorporates by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged are not material to the claim, or cause of action, appearing in a count's heading.") (cleaned up).  Plaintiff's amended Statement of Claim (dkt. #7) is similarly unhelpful as there is no coherence between the narrative facts and the alleged wrongful conduct or claims asserted in the amended complaint.  *See Wilson v. Price*, 624 F.3d 389, 395 (7th Cir. 2010) ("The plaintiff[] may not avoid dismissal . . . simply by attaching bare legal conclusions to narrated facts which fail to outline the basis of their claims." (internal quotation omitted)).  For this additional reason, the amended complaint will be dismissed without prejudice, but with leave to amend.

ORDER

IT IS ORDERED that:

1. Plaintiff James H. Fetzer's motions to amend his statement of the claim (dkt. #6), and to amend the complaint (dkts. ##8-9) are GRANTED.

2. Plaintiff's second amended complaint (dkt. #10) is DISMISSED without prejudice, as set forth above.

3. Plaintiff shall have until August 10, 2026, to file an amended complaint containing allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332 and complies with Fed. R. Civ. P. 8. Should plaintiff fail to plead diversity of citizenship adequately within the deadline, this matter will be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) without prejudice to re-filing in state court.

4. Plaintiff's motion to expedite jurisdictional screening (dkt. #11) is MOOT.

5. Plaintiff's motion to seal an exhibit (dkt. #14) is GRANTED.

Entered this 9th day of July, 2026.

BY THE COURT:

/s/

_____
WILLIAM C. CONLEY
District Judge